E-FILED
Tuesday, 09 January, 2007 02:51:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| JASON EDWARD COHEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-CV-1263 |
| ) | |
| JUDGE JOE BILLY McDADE, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case has been referred to this court for reassignment. This court has carefully and thoroughly reviewed the procedural history of this case and two related cases, Case No. 06-CV-1056 and Case No. 06-CV-1146. Following this careful review, this court concludes that this case is now MOOT. Therefore, there is no need to reassign this case, and the case is hereby dismissed.

### BACKGROUND[1]

On September 22, 2006, Plaintiff, Jason Edward Cohee, filed this action in the circuit court of the Tenth Judicial Circuit, Tazewell County, Illinois, against United States District Judge Joe Billy McDade. Plaintiff entitled the action "Motion to Disqualify Judge." Plaintiff stated that Judge McDade was biased against him on the basis of rulings made by Judge McDade in two cases filed by Plaintiff in the Central District of Illinois, Case No. 06-CV-1056 and Case No. 06-CV-1146. Plaintiff also attempted to assert a claim against Judge McDade under 42 U.S.C. § 3795, which furnishes criminal penalties for the misuse of federal assistance funds. On October 20, 2006, the United States, on behalf of Judge McDade, filed a Notice of Removal and removed the case to the

---

[1] This court has liberally adopted language from the procedural history and analysis set out in the well-written and well-reasoned Memorandum and Order entered by Chief United States District Judge G. Patrick Murphy of the Southern District of Illinois.

Central District of Illinois based upon "federal officer" jurisdiction under 42 U.S.C. § 1442. Following removal, United States District Judge Michael M. Mihm recused himself and forwarded the case to this court for reassignment. This court noted that the defendant in the case is a judge in the Central District of Illinois and reassigned the case to Chief United States District Judge G. Patrick Murphy in the Southern District of Illinois. The case was assigned Case No. 06-CV-0984 in the Southern District.

On December 6, 2006, Judge McDade filed a Motion to Dismiss. On December 19, 2006, Chief Judge Murphy entered a Memorandum and Order which DENIED the Motion to Dismiss and transferred the case to the Central District of Illinois, Peoria Division. In his Order, Chief Judge Murphy stated that he was reasonably certain that 42 U.S.C. § 3795 afforded Plaintiff no private right of action and that, in any event, the statute was wholly inapplicable to the facts alleged in Plaintiff's complaint. Chief Judge Murphy stated that the matter before the court was "at bottom, a motion to disqualify Judge McDade" and, as such, was controlled by federal law. Chief Judge Murphy stated that, because Plaintiff was proceeding pro se, the court construed Plaintiff's motion to disqualify Judge McDade as having been brought pursuant to 28 U.S.C. § 455. Chief Judge Murphy noted that, in general, adverse rulings by a judge, which are the asserted grounds for Plaintiff's request for disqualification of Judge McDade, are not evidence of bias such as to warrant recusal by the judge. Chief Judge Murphy determined, however, that he need not decide Plaintiff's request for the disqualification of Judge McDade on the merits because, as a rule, a motion to disqualify a judge under 28 U.S.C. § 455 must be decided by the judge whose disqualification is sought. As noted, Chief Judge Murphy therefore denied the motion to dismiss and transferred the case to the Central District, Peoria Division. Chief Judge Murphy stated that the case could then be

consolidated with Case No. 06-1056 and Case No. 06-1146, and "Judge McDade can proceed to rule on [Plaintiff's] request for disqualification."

On December 20, 2006, Judge McDade filed a Motion for Reconsideration. On December 21, 2006, Chief Judge Murphy denied the motion for reconsideration in a text order. Chief Judge Murphy stated that the "sole issue presented by the complaint in this case is whether Judge McDade's rulings in various actions brought by [Plaintiff] over which Judge McDade has presided or is presiding demonstrate bias against [Plaintiff], and this issue, as the Court explained in the Order as to which reconsideration is sought, must be decided by Judge McDade."

On January 3, 2007, pursuant to Chief Judge Murphy's Order, this case was transferred to the Central District, Peoria Division. On January 4, 2007, a docket entry was entered which stated, "Due to the Southern District of Illinois' transfer of this case back to CDIL and Judge Mihm's recusal Clerk forwards this case to Chief Judge McCuskey for further reassignment."[2]

On January 5, 2007, Judge McDade entered an Order in Case No. 06-1056 and Case No. 06-1146. Judge McDade noted that Chief Judge Murphy had construed Plaintiff's state court action as a request for the court to recuse itself pursuant to 28 U.S.C. § 455 and had transferred the case to the Peoria Division of the Central District for action on Plaintiff's motion to disqualify judge. Judge McDade noted that Case No. 06-1056 is closed and found that the motion to recuse in that case was moot. As far as Case No. 06-1146, Judge McDade agreed with Chief Judge Murphy that adverse rulings by a judge are not evidence of bias such as to warrant recusal by the judge. Judge McDade then stated, "[f]or this Court to disqualify itself because [Plaintiff] is unhappy with the Court's past

---

[2] This was done even though Chief Judge Murphy's Order clearly stated that the case was to be consolidated with Case No. 06-CV-1056 and Case No. 06-CV-1146 and assigned to Judge McDade.

or anticipated rulings would be to abdicate this Court's responsibility to fairly decide cases on its docket and an unnecessary shifting of judicial responsibility to my colleagues." Judge McDade then stated that the motion to disqualify was denied. This court notes that Case No. 06-1146 therefore remains pending before Judge McDade.

In this case, on January 8, 2007, this court entered a Text Order which stated, "Pursuant to Chief Judge G. Patrick Murphy's Memorandum and Order dated 12/19, 2006, this case is assigned to Judge Joe Billy McDade of the Peoria Division for further proceedings." Subsequently, on January 8, 2007, Judge McDade entered a Text Order stating that the court "recuses itself in this case brought against it." Judge McDade then noted that he had already ruled on Plaintiff's motion for the court to recuse itself in Cases 06-1056 and 06-1146. Judge McDade stated that "[t]his case would not appear to be mooted by the Court's action, but this is left up to the judge who is assigned this case." Judge McDade then referred the case to this court for reassignment.

## ANALYSIS

This court concludes that this case is, indeed, moot and reassignment is not necessary. This court agrees with Chief Judge Murphy that Plaintiff does not have a private right of action under 42 U.S.C. § 3795 and that, in any case, the statute is wholly inapplicable to Plaintiff's complaint in this case. Therefore, the court also agrees with Chief Judge Murphy that the "sole issue presented by the complaint in this case is whether Judge McDade's rulings in various actions brought by [Plaintiff] over which Judge McDade has presided or is presiding demonstrate bias against [Plaintiff], and this issue . . . must be decided by Judge McDade."

As noted, Judge McDade has now ruled on this issue in Case No. 06-1056 and Case No. 06-1146. Judge McDade found the request for recusal to be moot in Case No. 06-1056 because the case

has been closed and denied the request in Case No. 06-1146. Case No. 06-1146 remains pending before Judge McDade.

This court concludes that the sole issue pending in this case has now been decided by Judge McDade. Therefore, this case is MOOT and must be dismissed. Therefore, there is nothing for this case to reassign.

IT IS THEREFORE ORDERED THAT:

(1) The sole issue pending in this case has now been decided so this case is MOOT.

(2) This case is hereby dismissed and terminated.

ENTERED this 9th day of January, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE